IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULINUS MADUABUCHUKWU,

   Plaintiff,

     v.

ALEJANDRO MAYORKAS
Director of U.S. Citizenship and
Immigration Services, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2434-TWT

ORDER

This is an action for injunctive relief. It is before the Court on the Defendants' Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendants' motion.

I. Background

In August 1999, Paulinus Maduabuchukwu was admitted to the United States as a nonimmigrant temporary visitor. Maduabuchukwu married a United States citizen who filed an I-130 (Petition for Alien Relative) and an I-485 (Application for Adjustment of Status) application on his behalf. U.S. Citizenship and Immigration Services ("USCIS") initially denied Maduabuchukwu's I-485 petition. In October

2008, USCIS granted the I-130 petition. Maduabuchukwu then moved to reopen his I-485 application.

On July 25, 2011, Maduabuchukwu filed this Complaint for Mandamus and Petition for Injunctive Relief seeking to compel USCIS to adjudicate his I-485 application [Doc. 1]. On August, 16, 2011, USCIS approved the Plaintiff's I-485 application. (See Defs.' Mot. to Dismiss, Ex. A.) The Defendants have moved to dismiss the Complaint, arguing that Maduabuchukwu's claim is moot [Doc. 5]. The Plaintiff did not file a response.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally,

notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

The Defendants argue that the Plaintiff's claim is moot. "[I]t is well settled that federal courts may act only in the context of a justiciable case or controversy." Securities and Exchange Comm'n v. Medical Comm. For Human Rights, 404 U.S. 403, 407 (1972) (quoting Benton v. Maryland, 395 U.S. 784, 788 (1969)). "Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 628 (11th Cir. 1998); see also McMillan v. Chief Judge, Circuit Court of Green County, 711 F.2d 108, 109 (8th Cir. 1983) (finding request for injunction against further delay in deciding motion was moot where motion had already been denied). Here,

Maduabuchukwu seeks to compel USCIS to adjudicate his I-485 application. The Defendants, however, have already approved Maduabuchukwu's I-485 application. (See Defs.' Mot. to Dismiss, Ex. A.) For this reason, the Plaintiff's claim is moot.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 5].

SO ORDERED, this 9 day of November, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge